David J. Noonan, *Pro Hac Vice forthcoming* (*MA Bar No. 373260)
**LAW OFFICE OF DAVID J. NOONAN**
32 Tanglewood Road
Amherst, Massachusetts, 01002
(413) 549-5491
noonan@law-djn.com

Ben J. Himmelstein (023267)
Gary N. Lento (028749)
**RADIX LAW**
15205 N. Kierland Blvd., Suite 200
Scottsdale, Arizona 85254
(602) 606-9300
himmelstein@radixlaw.com
lento@radixlaw.com

*Attorneys for Plaintiff FAVORITE HEALTHCARE STAFFING, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Favorite Healthcare Staffing, LLC, a Kansas limited liability company, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| IASIS Healthcare Holdings, Inc., a Delaware corporation; Ralph de la Torre, an individual; Michael Callum, an individual; and Christopher Dunleavy, an individual; | |
| Defendants. | |

## INTRODUCTION

1.     Plaintiff initiates this action against the Defendants in order to collect damages for monies owed for (i) the breach of an employment agency service contract for temporary health care professional services rendered to IASIS Healthcare Holdings, Inc. ("Corporate

Defendant"), (ii) the recovery of the quantum meruit value of said employment agency services delivered and received, (iii) the piercing of the corporate veil of the Corporate Defendant in order to hold the principals of the corporate entity personally liable for Corporate Defendant's debt obligation to Plaintiff, (iv) the recovery of that amount of distributions paid by the Corporate Defendant to the principals of the Corporate Defendant or alternatively to the principals of that corporate entity into which Corporate Defendant's distributions were paid during the period of time the Corporate Defendant was unable to pay its debt obligations to Plaintiff, (v) pursuant to applicable Delaware and/or Arizona law, the recovery of Plaintiff's reasonable fees and expenses incurred as a result of Corporate Defendant's breach of contract which necessitated Plaintiff instituting this civil action; (vi) the recovery of that amount of distributions fraudulently conveyed by the Corporate Defendant to the principals of the Corporate Defendant or alternatively to the principals of that corporate entity into which Corporate Defendant's distributions were paid during the period of time the Corporate Defendant was unable to pay its debt obligations to Plaintiff, (vii) pursuant to Rule 64 and 65 of the Federal Rules of Civil Procedure injunctive relief preventing and restraining the Corporate Defendant from making any additional distributions to any person or entity during the pendency of this civil action, and (viii) pursuant to Ariz. Rev. Stat. § 12-1521 the issuance of an attachment to and in all of the personal property of the Corporate Defendant.

## PARTIES

2.  FAVORITE HEALTHCARE STAFFING, LLC. f/n/a Favorite Healthcare Staffing, Inc. ("Plaintiff" and/or "Favorite Healthcare") is a corporation duly organized and operating pursuant to the laws of the State of Kansas with a principal place of business in Overland Park, Kansas, and is in the business of providing qualified temporary health care personnel to hospitals, nursing homes, rest homes and other medical facilities throughout the United States. Favorite Healthcare is registered with the Arizona Corporation Commission as a foreign limited liability company to transact business in the State of Arizona. Pursuant to Favorite Healthcare's standard terms and conditions of service, contracting parties have the option to transform temporary healthcare professionals provided by Favorite Healthcare to

permanent employees of the contracting party upon the payment of specified employment agency fees.

3. Defendant, IASIS HEALTHCARE HOLDINGS, INC. ("IASIS" and/or "Corporate Defendant") is a corporation duly organized and operating pursuant to the laws of the State of Delaware and registered to do business in Arizona as a foreign for-profit corporation. Its current principal place of business in Arizona is located at 555 N. 18th Street, Suite 100, Phoenix, Arizona, and is in the business of providing nursing home care to Arizona residents/patients.

4. Defendant RALPH DE LA TORRE is the President and one of the directors of IASIS and upon information and belief is either an equity owner of IASIS or alternatively an equity owner of that entity into which distributions from IASIS are made.

5. Defendant MICHAEL CALLUM is a director of IASIS and upon information and belief is either an equity owner of IASIS or alternatively an equity owner of that entity into which distributions from IASIS are made.

6. Defendant CHRISTOPHER DUNLEAVY is a treasurer of IASIS and upon information and belief is either an equity owner of IASIS or alternatively an equity owner of that entity into which distributions from IASIS are made.

## JURISDICTION

7. This matter involves damages in excess of $75,000.00, exclusive of interest and costs, arising from a dispute between citizens of different states. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this lawsuit concerns parties that manage/own/service a business providing nursing home care to residents of this District, conduct business in this District, and because a substantial part of the events or omissions giving rise to the claims herein occurred in this District. The parties therefore have sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

/ / /

**FACTUAL ALLEGATIONS**

9. In December 2021, IASIS agreed to Favorite Healthcare's standard terms and conditions of service contract ("Staffing Agreement"). A copy of said Staffing Agreement is attached hereto and marked as **Exhibit "A"**.

10. Pursuant to the terms and conditions of **Exhibit "A,"** Favorite Healthcare, between December 2021 and February 2022, provided temporary health care professionals to IASIS for its use at IASIS's two facilities located in Phoenix, Arizona, and two separate facilities located in San Tan Valley and Florence, Arizona. Favorite Healthcare submitted numerous invoices to IASIS between January 2021 and February 2022 of which IASIS has paid only five and failed, refused and/or neglected to pay the remainder. The temporary healthcare professional services provided by Favorite Healthcare to IASIS were accepted by IASIS and materially benefited IASIS and its shareholders.

11. Favorite Healthcare tendered invoices requesting payment for services rendered to IASIS for the period December 2021 through February 10, 2022, totaling $372,843.65, plus accrued interest thereon. On July 28, 2022, Favorite Healthcare, through legal counsel, made a written demand for payment of the balance due. Said demand was sent by FedEx and proof of receipt has been confirmed. In response to said demand, IASIS tendered a payment in the amount of $22,700, but IASIS has otherwise failed, refused and/or neglected to make any additional payments on any of said invoices. There remains due and owing to Favorite Healthcare an outstanding balance of $350,116.45 ("Balance Due"), plus interest thereon and attorneys' fees. A summary of the invoices tendered to IASIS is attached hereto and marked as **Exhibit "B"**.

12. IASIS's acceptance of Favorite Healthcare's provision of temporary healthcare professionals, it's receipt of invoices for more than 14 months and its $22,700 partial payment, are all admissions of fact that IASIS has expressly and/or impliedly agreed to the terms and conditions contained in **Exhibit "A"** and Favorite Healthcare's standard terms and conditions of service. Pursuant to the terms and conditions contained in **Exhibit "A"** Plaintiff has the right to collect the reasonable cost of collection, including but not limited to, its attorney's

fees. IASIS's intentional breach of contract has caused the Plaintiff to institute this civil action to collect the Balance Due.

13. IASIS and its equity holders have received, accepted, and benefited from Favorite Healthcare's provision of temporary healthcare professionals without paying the fair market value for said services. The reasonable value of the services rendered to and accepted by IASIS is $350,116.45. Despite demand, IASIS has failed to pay to the Plaintiff the reasonable value of the services rendered to and accepted by IASIS, was materially benefited and as a result IASIS has been unjustly enriched.

14. Neither IASIS nor Defendants, Ralph de la Torre, Michael Callum, or Christpoher Dunleavy (sometimes referred to collectively as "Individual Defendants"), have raised any defense, claim of setoff, breaches of warranty or any counterclaims to Favorite Healthcare's assertion that it is owed the Balance Due.

15. Upon information and belief, IASIS was intentionally undercapitalized, had assets siphoned off through illegal distributions and was unable to pay its debts as they were due. The facts set forth herein and in paragraphs 12, 13 and 15 herein are evidence that IASIS intended to use the corporate entity as a vehicle to commit fraud as against Plaintiff and avoid contractual responsibility to Plaintiff.

16. Upon information and belief, IASIS has caused the issuance of corporate distributions to IASIS's shareholders during a period of time that IASIS was unable to pay its just debts to Plaintiff in violation of Arizona Revised Statutes ("A.R.S.") § 10-640, and the applicable law, 8 Del. C. § 170(a), of the state of its incorporation. IASIS did not receive fair and/or reasonably equivalent value from the recipients of the illegal distributions either at the time of distribution and/or subsequent to recipient's receipt of distributions and as a result said transfers were fraudulent as to existing creditors such as Favorite Healthcare pursuant to Arizona's Uniform Fraudulent Transfer Act, A.R.S. §§ 44-1001 – 44-1010.

/ / /

/ / /

/ / /

## COUNT I

### (Breach of Contract – IASIS)

17. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. Plaintiff has performed all duties and obligations under its contract with IASIS except those duties that may have been excused by Defendants breaches or the conduct of others.

19. IASIS, by failing to pay the Plaintiff $350,116.45, has breached the terms and conditions of both the invoices tendered and the contract provisions contained in **Exhibit "A"**.

20. As a result of said breach, IASIS owes the Plaintiff $350,116.45, and accrued prejudgment interest pursuant to A.R.S. § 44-1201 and attorney's fees pursuant to ARS §12.341.01 and/or 6 Del. C. § 4344 in an amount to be established at trial of this matter.

## COUNT II

### (Quantum Meruit – IASIS)

21. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 20, above.

22. IASIS requested and received healthcare staffing services from Plaintiff that benefited IASIS.

23. Despite demand, IASIS has failed to pay for the healthcare staffing services provided by Plaintiff.

24. The reasonable value of the staffing services provided to and accepted by the Corporate Defendant is equal to or in excess of $350,116.45.

25. As a result of the Plaintiff's provision of employment agency services to IASIS, IASIS has received a material benefit, has been unjustly enriched and is obligated to Plaintiff in the amount of $350,116.45.

/ / /

/ / /

/ / /

## COUNT III

**(Piercing Corporate Veil – IASIS & Individual Defendants)**

26. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. Upon information and belief, IASIS and the Individual Defendants have intentionally undercapitalized IASIS and used the corporate veil of IASIS to perpetrate a fraud as against the Plaintiff and avoid the contractual responsibility to pay the Plaintiff the Balance Due.

28. Plaintiff prays this Court to disregard the separateness of IASIS's corporate entity status because IASIS and the Individual Defendants have used the corporate entity to attempt to defeat justice, perpetrate a fraud and avoid contractual responsibility to the Plaintiff.

29. As a result of piercing the corporate veil of IASIS, IASIS's principals, who owned, operated, and benefited from operating IASIS, should be held individually and jointly and severally liable for the Balance Due to Plaintiff.

## COUNT IV

**(Recovering from Individual Defendants, or Alternatively, the Principals of IASIS, the Distributions Received from IASIS in Violation of Delaware & Arizonia Law)**

30. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 29, above.

31. Delaware General Corporate Law § 170 (a)(2) and 174 8 Del. C. § 170(a), and A.R.S. § 10-640(c) provide that distributions made by a corporate entity that renders the corporate entity unable to pay its debts or alternatively reduces the value of its assets below the amount of its liabilities to be illegal.

32. Upon information and belief, the Individual Defendants and/or the presently unknown Principals of IASIS received payments from IASIS that were not taxable wages and therefore constitute distributions. Said distributions should be recovered from the Individual

Defendants and/or presently unknown Principals of IASIS and segregated and held in trust so that the same may be used to satisfy the IASIS's obligation to Plaintiff for the Balance Due.

## COUNT V

### (Recovery of Fees & Costs from IASIS)

33. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34. At all times pertinent hereto, IASIS and the Individual Defendants have breached the terms of the expressed and/or implied contract between Plaintiff and IASIS and have caused the Plaintiff to institute this civil action to collect the Balance Due.

35. Plaintiff is entitled to recover its reasonable expenses of litigation, including its attorney's fees pursuant to Delaware Code Title VI, Chapter 43 §4344 and/or A.R.S. § 12-341.01.

## COUNT VI

### (Recovery of Fraudulent Conveyance)

36. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 35 above.

37. Delaware General Corporate Law § 170 (a)(2) and 174 8 Del. C. § 170(a), and A.R.S. § 10-640(c) provide that distributions made by a corporate entity that render the corporate entity unable to pay its debts or alternatively reduces the value of its assets below the amount of its liabilities to be illegal.

38. Upon information and belief, IASIS did not receive fair and/or reasonably equivalent value from the recipients of the illegal distributions at the time of and/or subsequent to recipient's receipt of distributions and as a result said transfers were fraudulent as to existing creditors such as Favorite Healthcare.

39. A.R.S. §§ 44-1001 – 44-1010 provides for the avoidance of transfers which are void or voidable as against creditors. A.R.S. § 44 – 1211 provides that said persons causing said fraudulent transfers with intent to defraud are guilty of a class II misdemeanor.

/ / /

40. Plaintiff seeks an order voiding all improper distributions and payments made by IASIS. Said distributions should be recovered from the Individual Defendants and presently unknown Principals of IASIS as fraudulent conveyances and segregated and held in trust so that the same may be used to satisfy IASIS's obligation to Plaintiff for the Balance Due.

### COUNT VII

### (Injunctive Relief)

41. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. Upon information and belief, IASIS's prior issuance of illegal distributions to its shareholders was intentional and intended to divert assets from the reach of its creditors. By and through this count, Plaintiff seeks to prevent future illegal distributions.

43. Pursuant to Rule 64 and 65 of the Federal Rules of Civil Procedure Plaintiff seeks the issuance of an order enjoining, preventing, and restraining IASIS from making any additional distributions to any person or entity during the pendency of this civil action.

### COUNT VIII

### (Application for Issuance of Attachment)

44. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 43 above.

45. The Plaintiff has filed this action for breach of contract and the payment of money. Plaintiff has no security interest in any assets of IASIS.

46. Upon information and belief, IASIS has previously disposed of its property through illegal distributions and the Defendant Corporation is a foreign corporation.

47. Pursuant to A.R.S. §§ 12-1521, *et seq.*, and 12-2401, *et seq.*, Plaintiff is entitled to and hereby seeks a writ of attachment to any and all of IASIS's personal property wherever situated. In support of said application Plaintiff will file an affidavit satisfying the requirements of A.R.S. §§ 12-1521, *et seq.*, and 12-2401, *et seq.*

/ / /

# PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that:

1) Pursuant to <u>Count I</u> (Breach of Contract) – this Court enter Judgment against IASIS in the amount of Three Hundred Fifty Thousand One Hundred Sixteen and 45/100 Dollars ($350,116.45), plus pre-judgment interest equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 on the date that the judgment is entered pursuant to A.R.S. § 44-1201 or applicable Delaware law, plus attorney's fees as provided pursuant to A.R.S. § 12-341.01 or the Delaware Code Title VI, Chapter 43 §4344 and costs, and that execution or other appropriate process issue for the enforcement of same; and

2) Pursuant to <u>Count II</u> (Quantum Meruit) – this Court enter Judgment against IASIS in the amount of Three Hundred Fifty Thousand One Hundred Sixteen and 45/100 Dollars ($350,116.45), plus pre-judgment interest equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 on the date that the judgment is entered pursuant to A.R.S. § 44-1201 or applicable Delaware law, plus attorney's fees as provided pursuant to A.R.S. § 12-341.01 or the Delaware Code Title VI, Chapter 43 §4344 and costs, and that execution or other appropriate process issue for the enforcement of same; and

3) Pursuant to <u>Count III</u> (Piercing the Corporate Veil) – this Court enter Judgment piercing the corporate veil of IASIS, and determining that the Individual Defendants or alternatively those, who own, operated and benefited from operating IASIS are individually and jointly and severally liable to the Plaintiff in the amount of Three Hundred Fifty Thousand One Hundred Sixteen and 45/100 Dollars ($350,116.45), plus pre-judgment interest equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 on the date that the judgment is entered pursuant to A.R.S. § 44-1201 or applicable Delaware law, plus attorney's fees as provided pursuant to A.R.S. § 12-341.01 or the Delaware Code Title VI, Chapter 43 §4344, and costs and that execution or other appropriate process issue for the enforcement of same; and

        4)       Pursuant to Count IV (Recovery of Distributions) – this Court enter Judgment recovering from the Individual Defendants and/or the presently unknown Principals of IASIS any distributions received by them, and that the same be segregated and held in trust to be used to satisfy IASIS's obligation to Plaintiff for the Balance Due plus pre-judgment interest equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 on the date that the judgment is entered pursuant to A.R.S. § 44-1201 or applicable Delaware law, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same; and

        5)       Pursuant to Count V (Fees and Costs) – this Court enter Judgment as against all the Defendants in the amount of Three Hundred Fifty Thousand One Hundred Sixteen and 45/100 Dollars ($350,116.45), plus Plaintiff's reasonable expenses of litigation, including its attorney's fees pursuant to **Exhibit "A"**, Delaware Code Title VI, Chapter 43 §4344 and A.R.S. § 12-341.01; and

        6)       Pursuant to Count VI (Fraudulent Conveyance) and A.R.S. §§ 44-1001 – 44-1010 – this Court enter judgment which determines that payments made by IASIS to its equity shareholders during the period of time that the Balance Due remained owing, constituted fraudulent conveyances and Plaintiff seeks an order avoiding and ordering the repayment of all distributions and payments to its equity holders and that the same be held in trust for Plaintiff in order to pay the Balance Due; and

        7)       Pursuant to Count VII (Injunctive Relief) – this Court enter an order preventing and restraining IASIS from making any additional distributions to any person or entity during the pendency of this civil action; and

        8)       Pursuant to Count VIII (Attachment), and A.R.S. §§ 12-1521, *et seq*., and 12-2401, *et seq*. – this Court issue a writ of attachment to, and in, all of the personal property of IASIS; and

/ / /

/ / /

/ / /

9) For any such other and further relief as this Court deems just and proper.

DATED: August 29, 2023

**RADIX LAW**

*/s/ Gary N. Lento*
Ben J. Himmelstein
Gary N. Lento
15205 N. Kierland Blvd., Suite 200
Scottsdale, Arizona 85254
(602) 606-9300
himmelstein@radixlaw.com
lento@radixlaw.com

David J. Noonan, *Pro Hac Vice forthcoming**
**LAW OFFICE OF DAVID J. NOONAN**
32 Tanglewood Road
Amherst, Massachusetts, 01002
noonan@law-djn.com
*Attorneys for Plaintiff FAVORITE HEALTHCARE STAFFING, LLC*

1460899.2