David J. Noonan, *Pro Hac Vice* (*MA Bar No. 373260)
**LAW OFFICE OF DAVID J. NOONAN**
32 Tanglewood Road
Amherst, Massachusetts, 01002
(413) 549-5491
noonan@law-djn.com

Gary N. Lento (028749)
**RADIX LAW**
15205 N. Kierland Blvd., Suite 200
Scottsdale, Arizona 85254
(602) 606-9300
lento@radixlaw.com

*Attorneys for Plaintiff FAVORITE HEALTHCARE STAFFING, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Favorite Healthcare Staffing, LLC, a Kansas limited liability company, <br><br>           Plaintiff, <br><br> vs. <br><br> IASIS Healthcare Holdings, Inc., St. Lukes Medical Center, L.P., and Mountain Vista Medical Center, L.P., <br><br>           Corporate Defendants, <br><br> and <br><br> Ralph de la Torre; Michael Callum; and Christopher Dunleavy; <br><br>           Individual Defendants. | Case No.: 2:23-cv-01810-DJH <br><br> **PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** <br><br> (Assigned to the Honorable Diane J. Humetewa) <br><br> (*ORAL ARGUMENT REQUESTED*) |

/ / /

COMES NOW the Plaintiff, Favorite Healthcare Staffing, LLC, d/b/a Favorite Healthcare ("Plaintiff" and/or "Favorite Healthcare"), and hereby moves this Court for an order enforcing and implementing the settlement agreement it reached with all Defendants in this matter ("Motion to Enforce"). This *Motion to Enforce* is based on this herein Motion, *Exhibits A through E* attached hereto, the *Memorandum in Support of this Motion* filed contemporaneously herewith ("Memorandum in Support of Motion"), the pleadings on file herein, and any such oral or documentary evidence that may be presented at the hearing on this matter.

I.   **Relevant Facts**

1. Plaintiff has filed a multi-count complaint in this civil action against Defendants IASIS Healthcare Holdings, St. Lukes Medical Center, L.P., Mountain Vista Medical Center, L.P., sometimes collectively referred to herein as "Corporate Defendants;" and Defendants, Ralph de la Torre, Michael Callum, and Christopher Dunleavy, sometimes collectively referred to herein as "Individual Defendants."

2. Pursuant to Paragraph 9 of this Court's *Rule 16 Scheduling Order* (Doc. 22), the parties engaged in detailed settlement discussions by phone conference on February 16, 2024.[1] The conference lasted in excess of 30 minutes and upon the conclusion of said conference, Plaintiff's counsel reduced to writing the settlement offered by Plaintiff during the settlement conference. A copy of said settlement offer is attached hereto as ***Exhibit A***. ("Plaintiff's First Settlement Offer").

3. Five days later on February 21, 2024, all Defendants, by and through their counsel, responded to Plaintiff's First Settlement Offer and accepted "all of the terms you propose," except all Defendants sought an additional 15 days within which to make the agreed to settlement payment to Plaintiff. Attached hereto as ***Exhibit B*** is "Defendants' Counteroffer."

/ / /

---

[1] At the time of the settlement discussion, Plaintiff had previously served requests for production of documents on several of the defendants and had scheduled depositions for three of the defendants, all of this discovery was postponed as a result of the settlement discussions.

4. On February 21, 2024, Plaintiff responded to Defendants' Counteroffer by accepting Defendants' request for an additional 15 days within which to make the settlement payment, but only if Defendants would enter into a consent judgment in the full amount prayed for and that said consent judgment would be "pocketed" and not filed unless Defendants failed to perform as agreed. A copy of Plaintiff's response to Defendants' Counteroffer is attached hereto as **Exhibit C**.

5. On February 28, 2024, all Defendants, through email by Defendants' counsel accepted the counteroffer settlement terms proposed by Plaintiff as set forth in **Exhibit C**. Defendants' acceptance of these terms are contained on the top of **Exhibit C** and specifically states "David, I can confirm the settlement terms below to be set forth in standard and reasonable language in the settlement." ("Settlement Agreement").

6. In light of the Defendants' acceptance of the terms in the Settlement Agreement, Plaintiff immediately drafted a Release and Settlement Agreement, Stipulation to Entry of Judgment, and the Stipulated Consent Judgment ("Settlement Documents"). As requested by Defendants' counsel, the Settlement Documents contained "standard and reasonable language" and contained all of the essential substantive agreements of the parties concerning: the amount to be paid, the date payment was due, the execution of a stipulated consent to judgment for all, not just some of the Defendants, and the conditional escrow of the Stipulated Consent Judgment.[2] These Settlement Documents were forwarded to Defendants' counsel on March 1, 2024. Copies of the Settlement Documents forwarded to Defendants' counsel are attached hereto as **Exhibit D**.

7. On March 3, 2024, Defendants' counsel acknowledged the receipt of the Settlement Documents and acknowledged they were reviewing the same. Shortly thereafter Defendants' counsel, by phone call, reported it was too difficult to get all the necessary signatures from all the Defendants and requested an edit allowing only one person to endorse on behalf of all Defendants. Plaintiff responded by consenting to the request as long as there

---

[2] *See* page 4 of the Release and Settlement Agreement attached hereto as **Exhibit D**.

was a representation by counsel that the signatory had authority to execute for each Defendant.

8. Defendants ultimately provided redlined edits to the Settlement Documents, most of which were cosmetic, but the primary substantive edit was to eliminate the Individual Defendants from executing the Stipulated Consent Judgment against themselves. When Defendants' counsel suggested this change, he <u>did not</u> claim that the Individual Defendants had not agreed that they would consent to judgment.

9. In an attempt to avoid litigation to enforce the Settlement Agreement, and still maintain the essential agreed to settlement provision that the Individual Defendants could ultimately become liable in the event of nonperformance, Plaintiff proposed an edit to the Settlement Documents. The proposed edit would not require the Individual Defendants to initially execute the Stipulated Consent Judgment but would still ultimately have the Individual Defendants subject to the Stipulated Consent Judgment if the settlement payment was not timely made. This proposed edit was consistent with the Settlement Agreement that <u>all</u> Defendants would be joint and severally liable for the full amount prayed for in Plaintiff's complaint if the agreed performance was not rendered to Plaintiff.

10. At no time since February 21, 2024, or February 28, 2024, when Defendants agreed to the Settlement Agreement, the terms of which required all Defendants to be conditionally bound by a Stipulated Consent Judgment, have the Defendants ever asserted that they did not agree to have all Defendants, not just the Corporate Defendants, be bound to a conditional Consent to Judgment. The Defendants' only comments have been that there were delays in executing the Settlement Documents due to vacations, and most recently on March 25, 2024, that Defendants were working on "expediting this payment," another admission of a Settlement Agreement. Attached as ***Exhibit E*** are copies of correspondence with Defendants' counsel confirming the representations contained in this paragraph.

11. Prior to filing the motion herein, Plaintiff, on March 18, 22 and 25, 2024, communicated to Defendants' counsel that a Motion to Enforce Settlement Agreement would have to be filed if Defendants would not comply with the Settlement Agreement. Plaintiff's

counsel has received no response to these entreaties.

## II. Relief Sought

Plaintiff respectfully requests this Court to issue an Order specifically enforcing the terms and conditions of the Parties' Settlement Agreement as they are established in ***Exhibit C***, as follows:

1. Defendants execute and tender to Plaintiff the Release and Settlement Agreement, the Stipulation and Consent to Entry of Judgment, and the Stipulated Consent Judgment, all attached as ***Exhibit D*** ("Executed Settlement Documents"); and

2. Plaintiff to hold in escrow the Executed Settlement Documents for a period of 45 days pending Defendants' payment of $186,421 ("Settlement Payment") to Plaintiff; and

3. If Defendants do not timely tender said Settlement Payment to Plaintiff, Plaintiff may release from escrow the Settlement Documents, file with this Court the Stipulation and Consent to Entry of Judgment and the Stipulated Consent Judgment and fully exercise its rights as a judgment creditor as against of all of the Defendants; and

4. However, should Defendants timely tender the Settlement Payment to Plaintiff, the Release and Settlement Agreement may be released from escrow and the terms and conditions of said Release and Settlement Agreement will be deemed effective and may be relied upon by the Parties.

5. For any such other and further relief as this Court deems just and proper.

DATED:       April 2, 2024

**LAW OFFICE OF DAVID J. NOONAN**

<u>/s/ David J. Noonan</u>
David J. Noonan, Esq. (Pro Hac Vice)
32 Tanglewood Road
Amherst, Massachusetts, 01002
noonan@law-djn.com

*Attorneys for Plaintiff FAVORITE HEALTHCARE STAFFING, LLC*

**RADIX LAW**
Gary N. Lento, Esq.
15205 N. Kierland Blvd., Suite 200
Scottsdale, Arizona 85254
(602) 606-9300
lento@radixlaw.com

*Local Counsel for Plaintiff FAVORITE HEALTHCARE STAFFING, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2024, the foregoing document and any attachments were emailed to the participants as listed below.

Brendan A. Melander
Brandon Stein
**HUSCH BLACKWELL LLP**
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Brendan.Melander@huschblackwell.com
Brandon.Stein@huschblackwell.com

Matthew D. Knepper *(Pro Hac Vice)*
Theresa M. Mullineaux *(Pro Hac Vice)*
**HUSCH BLACKWELL LLP**
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Matthew.Knepper@huschblackwell.com
Theresa.Mullineaux@huschblackwell.com
*Attorneys for Defendants*

By: */s/ Gary N. Lento*
Gary N. Lento