# EXHIBIT "E"

**David Noonan**

| | |
|---|---|
| **From:** | Knepper, Matt <Matt.Knepper@huschblackwell.com> |
| **Sent:** | Monday, March 25, 2024 9:51 AM |
| **To:** | David Noonan |
| **Cc:** | lento@radixlaw.com; Mullineaux, Theresa |
| **Subject:** | RE: Implementing Our Settlement |

David —

You have our attention.  I am working to expedite this payment.  I am around until 11 am this morning if you want to discuss.

**Matt Knepper**
**Partner**
Direct: 314-480-1848
Matt.Knepper@huschblackwell.com

---

**From:** David Noonan <noonan@law-djn.com>
**Sent:** Friday, March 22, 2024 10:04 AM
**To:** Knepper, Matt <Matt.Knepper@huschblackwell.com>
**Cc:** lento@radixlaw.com
**Subject:** RE: Implementing Our Settlement

March 22, 2024

Matt

I can't comprehend what additional information you would need, where I come from when you have an agreement the only additional information you need is how to implement it. Come next week I'm working on the motion to enforce the settlement as it is documented.

Regards,

**David J. Noonan Esq.**
Law Office of David J. Noonan

(413) 549-5491 Work
(413) 478-8441 Mobile
noonan@law-djn.com

32 Tanglewood Road
Amherst, MA  01002

**Signature, Tax Disclosure and Confidentiality Notice:**

Nothing in this communication is intended to constitute an electronic signature, unless a specific statement to the contrary or a valid VeriSign Digital Signature Certificate is included in this communication.

Nothing contained in this email was intended or written to be used, or can be used by any taxpayer for the purpose of avoiding penalties that may be imposed on such taxpayer under the Internal Revenue Code of 1986, as amended.  No one, without my express prior written permission, may use any part of this email relating to any Federal Tax matter in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to one or more taxpayers.

**David Noonan**

| | |
|---|---|
| **From:** | Knepper, Matt <Matt.Knepper@huschblackwell.com> |
| **Sent:** | Tuesday, March 19, 2024 8:31 PM |
| **To:** | David Noonan |
| **Cc:** | Melander, Brendan; Mullineaux, Theresa; lento@radixlaw.com |
| **Subject:** | Re: Implementing Our Settlement |

David - Apologies that I was out on a trip with my family the past few days. I think we can resolve this. I will respond with additional information as soon as I can, and I am to expedite this.

On Mar 18, 2024, at 11:21 AM, David Noonan <noonan@law-djn.com> wrote:

[EXTERNAL EMAIL]

March 18, 2024

Matt & Theresa

Getting our settlement documents executed is moving at glacial speed, which obviously may benefit the defendants but no one else. I have made 2 modifications to the written documents in order to address your concerns and still there is no progress. It appears I am going to have to skip the unnecessary step of having lots of words on other pieces of paper and simply rely on our settlement agreement documented by and through our emails which, as I discussed with Matt, is fully enforceable without the need for any additional written documentation.

While many of your proposed edits to the written documents were acceptable as they were primarily cosmetic, your one key subsequently requested modification is however unacceptable as it is contrary to our binding settlement agreement. The settlement agreement which you accepted twice by email provides that the individual defendants and not just the corporate defendants have consented to judgment against themselves in the full amount prayed for in the amended complaint.

It is clear that under Arizona law settlement agreements confirmed by way of emails are binding, it is not necessary to have a full multipage written settlement agreement. Below please find the law that we intend to rely upon in pressing this matter before the court if necessary. (For your convenience I have attached your email correspondences confirming acceptance of settlement terms)

The binding nature and enforceability of settlement agreements in Arizona are governed by general contract principles. See Emmons v. Superior Ct. In & For Cnty. of Maricopa, 192 Ariz. 509, 512 (Ct. App. 1998). Before a binding agreement can form, the parties must mutually agree to all material terms. See Hill-Shafer P'ship v. Chilson Family Tr., 165 Ariz. 469, 473 (1990).

A brief email acceptance which precedes a more detailed agreement is binding so long as there is a meeting of the minds on all material terms. See id.; Arizona Custom Contracting, Inc. v. Green, No. 2 CA-CV 2019-0108, 2020 WL 2787583 at *2-3 (Ariz. Ct. App. May 29, 2020). Therefore, an email acceptance is binding unless there is a reasonable uncertainty in the contractual terms. See Hill-Shafer, 165 Ariz. at 474; Johnson Int'l, Inc. v. City of Phoenix, 192 Ariz. 466, 470 (Ct. App. 1998) ("A contract may be formed, even if not formally executed, if it is clear the parties intended to bind